# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:23-cr-45-3 |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Shaquiel Anthony Mendez, | ) | |
| | ) | |
| Defendant. | ) | |

Shaquiel Anthony Mendez is serving a sentence ordered by a North Dakota state court and appeared in this court, following his indictment, pursuant to a writ of habeas corpus ad prosequendum. He is currently being held in United States Marshals Service custody and moved for return to state custody at the North Dakota State Penitentiary (NDSP) pending the February 6, 2024 trial of this case. (Doc. 81). With his motion, Mendez filed a waiver of his rights under the anti-shuttling provision of the Interstate Agreement on Detainers Act (IADA).

Over the United States' objection, the court granted the motion. (Doc. 84). The United States requested reconsideration of that decision, and the court held a status conference with counsel on November 1, 2023, to address the motion for reconsideration. In its motion, the United States raised several concerns: responsibility for transportation from the NDSP for trial and necessity of another writ to effect Mendez's presence at trial, responsibility for notification of the United States if Mendez were released from state custody, responsibility for enforcing separation requests to ensure witness security, and notification in the event Mendez were to escape from state custody.

In its request for reconsideration, and during the November 1 proceeding, the United States provided additional informal about its witness separation concerns. Mendez is charged with witness tampering conspiracy in a murder case. According to the United States, the alleged victim of that crime is awaiting sentencing in state court and will be held at the NDSP after sentencing, though it is not clear that sentencing will take place prior to Mendez's trial. Other potential witnesses are in state or federal custody or serving state probationary terms.

The court gives more weight to the witness separation and security concerns than to the United States' other concerns. Were Mendez returned to state custody, USMS would file a detainer and would be made aware if Mendez were released from—or escaped from—state custody. The charging agency would be responsible to transport Mendez from NDSP to trial, and the United States could easily request a writ to effect that transport. But because some of the potential witnesses are in state custody and their placement in correctional facilities is solely in state control, the court shares the United States' concern that witness separation would be more challenging. Additionally, the court considers that Mendez did not identify specific reasons for his request to return to NDSP.

Considering the additional information now before the court, the order of October 24, 2023, is **RESCINDED** and Mendez's request for return to state custody is **DENIED**.

**IT IS SO ORDERED**.

Dated this 1st day of November, 2023.

>                 */s/ Alice R. Senechal*
>                 Alice R. Senechal
>                 United States Magistrate Judge