United States Court of Appeals
For the Eighth Circuit
_____

No. 24-1205
_____

United States of America

*Plaintiff - Appellee*

v.

Daniel Saydee Cisse

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota - Eastern
_____

Submitted: November 18, 2024
Filed: March 24, 2025
[Unpublished]
_____

Before COLLOTON, Chief Judge, BENTON, and KELLY, Circuit Judges.
_____

PER CURIAM.

      While in custody on state charges, Daniel Cisse assaulted J.B., another detainee. Cisse and two others planned the attack after they learned J.B. had become a witness in a joint state-federal investigation unrelated to Cisse's case. After handing J.B. a piece of paper, Cisse spoke briefly with J.B. before grabbing him by the hair and assaulting him for approximately five minutes. Cisse used a pencil to stab J.B., who suffered injuries to his face and neck. The document Cisse gave J.B. identified J.B. as a government witness. On the back, Cisse had drawn a rat and a trap and had written the word "fraud."

Cisse pleaded guilty to conspiracy to tamper with a witness, see 18 U.S.C. § 1512(k), pursuant to a plea agreement that included a limited appeal waiver: he agreed not to seek appellate review of his sentence unless the district court imposed a term that exceeded "the upper end of the applicable [G]uidelines range." At sentencing, the district court[1] calculated a Guidelines range of 78 to 97 months, to which neither party objected. The government requested a 144-month sentence, and Cisse requested 24 months. Ultimately, the district court sentenced Cisse to 132 months' imprisonment followed by five years of supervised release.

Cisse appeals, arguing that his sentence is substantively unreasonable under 18 U.S.C. § 3553(a). "We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard." United States v. Jennings, 127 F.4th 1145, 1151 (8th Cir. 2025). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Kirkendoll, 61 F.4th 1013, 1017 (8th Cir. 2023). When a district court imposes a sentence "outside the advisory guideline range, we consider the extent of the deviation and the reasons for it, giving 'due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).

Cisse argues that the district court abused its discretion by giving improper weight to aggravating factors while failing to properly consider mitigating factors. Specifically, Cisse contends that the court relied too heavily on protecting the public from further crimes and mischaracterized the nature and circumstances of the offense, while failing to consider his young age, difficult upbringing, and potential for rehabilitation. See 18 U.S.C. § 3553(a)(1)–(2); Kirkendoll, 61 F.4th at 1017. "[A] district court 'has wide latitude to weigh the 18 U.S.C. § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence.'" United States v. Vavra, 127 F.4th 737, 745 (8th Cir. 2025) (quoting

---

[1] The Honorable Peter D. Welte, Chief Judge, United States District Court for the District of North Dakota.

-2-

United States v. Halverson-Weese, 30 F.4th 760, 766 (8th Cir. 2022)). Moreover, Cisse "must show more than the fact that the district court disagreed with his view of what weight ought to be accorded certain sentencing factors." Id. (quoting same).

Cisse presented evidence at sentencing that J.B. did not go to the hospital and said he "felt fine" after the assault. But the district court watched the video of the assault, concluded it was serious, and declined to consider J.B.'s "view[] of the assault." The court also took into consideration "the injury that could have happened" had the pencil Cisse used punctured an artery. In that scenario, according to the court, Cisse could have been facing a charge of attempted murder. Cisse has not shown how these findings are clearly erroneous. The district court also considered the fact that Cisse committed the instant offense while in custody pending proceedings for a different offense, which indicated a lack of respect for the law. Accordingly, the district court's concern about the need to protect the public, as well as its view of the nature and circumstances of the offense, are supported by the record.

The court also considered mitigating factors, including Cisse's age at the time of the offense, and it heard statements from Cisse's friends and family who described his difficult upbringing. The court was sobered by the "level of poverty" the family had endured and believed that Cisse had "a lot to offer this world." Nonetheless, the court concluded the nature and circumstances of the offense and the need to protect the public weighed in favor of an above-Guidelines sentence. On appeal, Cisse has failed to show more than a disagreement with the court's weighing of the § 3553(a) factors. See Vavra, 127 F.4th at 745. We discern no abuse of discretion.

The judgment of the district court is affirmed.

_____